IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

RACHEL FISK,                          )
                                      )
            Plaintiff,                )   No. 6:13-cv-410-TC
                                      )
        v.                            )   FINDINGS & RECOMMENDATION
                                      )
Commissioner of Social Security,      )
                                      )
            Defendant.                )

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits.

Plaintiff asserts disability beginning October 1, 2008, due to a partial rotator cuff tear in her right arm and a ruptured muscle in her left arm. Tr. 155. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred in: (1) finding her to lack credibility; (2) formulating a residual functional capacity (RFC) for plaintiff that does not account for her difficulty

1 - FINDINGS & RECOMMENDATION

concentrating; and (3) determining that plaintiff could perform work that is inconsistent with the ALJ's own findings.

Plaintiff suffered a massive rotator cuff tear to her left shoulder in 2005 while climbing into her truck at work. Tr. 299. After surgical repair, she returned to work until October 2008. At that time, she injured her right shoulder getting out of bed resulting in partial tendon tears. Tr. 299. Plaintiff also asserts that she has longstanding difficulty concentrating that predate her alleged onset date due to ADHD. Tr. 345.

Plaintiff testified that her shoulder pain prevented her from working after October 1, 2008, but that once she obtained insurance, she had hoped that there would be an easy repair and she would return to work. Tr. 52-53. However, at the hearing, plaintiff stated she now has to shift position every 15-20 minutes, needs to alter from standing to sitting after 15-20 minutes and from sitting to standing after 30 minutes as a result of her pain. Tr. 62-63. Plaintiff also testified that she has trouble raising her arms. Tr. 66. Plaintiff further noted that she needs to take a nap everyday for one to two hours and can only be active for an hour or two before she needs to rest. Tr. 188. In addition, she states she has difficulty concentrating and sitting still. Tr. 168.

Although it is difficult to glean from plaintiff's testimony and the various other materials she submitted what limitations

2 - FINDINGS & RECOMMENDATION

prevent her from working in any capacity, the ALJ did find her statements concerning the limiting effects of her symptoms to lack credibility. Tr. 32. Specifically, the ALJ found, giving plaintiff the benefit of the doubt concerning the potential duration of her mental impairments beyond ADHD, that her mental impairments could reasonably result in greater than minimal restrictions on the ability to perform mental related work activity, but that such limitations are mild. Tr. 29, 30. In addition, the ALJ noted plaintiff's daily activities such as watching her grandchildren occasionally, doing housework, cooking, watching television, reading, doing scrap booking and leaving the house every other day. Tr. 32. The ALJ pointed out that plaintiff described taking a month to a month and a half long trip with her boyfriend so he could use her log book while driving a truck. Tr. 32.

The ALJ noted a third party function report by a roommate who revealed plaintiff's ability to spend two to three hours everyday on housework and a half-hour to two hours preparing meals daily. Tr. 32, 182. In addition, the roommate stated that plaintiff shops four times a month for one to three hours and reads for half a day. Tr. 183-84.

The ALJ pointed to inconsistencies between plaintiff's descriptions of her travels at the hearing and to her doctors. Tr. 32, 350. The ALJ also noted that treatment notes revealed

3 - FINDINGS & RECOMMENDATION

extensive exercising. Tr. 32, 346 (power walk/run 6 mornings a week and bike or walk 6 afternoons a week).

The ALJ also noted that the medical evidence demonstrated restrictions inconsistent with plaintiff's testimony. Tr. 32-33. See, e.g., Tr. 339 (treating orthopedist states that despite plaintiff's limitation, she could do sedentary type work if it is available); Tr. 303 (Dr. Christopher opines after an October 2009 exam that plaintiff has no limits in sitting or standing).[1] These clear inconsistencies noted in the medical record are sufficient specific, clear and convincing reasons for the ALJ's determination that plaintiff's assessment of her limitations lack credibility. See Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008) (Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony). Accordingly, the ALJ did not err with respect to her treatment of plaintiff's subjective testimony.

Plaintiff provided scant detail regarding her mental limitations such as difficulty concentrating, however, the ALJ did determine that plaintiff has "greater than minimal limitation on her ability to do work related activities" based on her mental

---

[1] In her reply brief, plaintiff contends that the ALJ did not specifically link plaintiff's credibility to the medical record and that therefore the Commissioner impermissibly relies on a post hoc rationale for upholding the ALJ's decision. However, the ALJ relied extensively on the medical record in determining plaintiff's limitations which necessarily relates to the ALJ's appraisal of plaintiff's own assessment of her limitations.

4 - FINDINGS & RECOMMENDATION

impairments and that therefore the impairments are severe for purposes of step three of the sequential evaluation. Tr. 29. The ALJ then determined that plaintiff's mental limitations are no more than mild, but that she has moderate difficulties in concentration, persistence, and pace. Tr. 30. Plaintiff contends the ALJ failed to fully account for this limitation in formulating an RFC for the vocational expert's consideration regarding plaintiff's ability to work. However, the ALJ explained to the vocational expert that plaintiff should be limited to unskilled work which means she:

> Has the mental ability to meet the demands of competitive ruminative unskilled work that would include work-related activities on the same basis including understanding, carrying out, and remembering simple instructions in a routine work setting.

Tr. 57. While, plaintiff may disagree that such limitation fully accounts for her subjective complaints regarding her difficulties concentrating, the ALJ properly explained her assessment of the limitation's impact on plaintiff's ability to work as supported by the record.

Finally, plaintiff argues that the jobs identified by the vocational expert, surveillance system monitor and call-out operator, and accepted by the ALJ as within the plaintiff's RFC, are in fact inconsistent with plaintiff's RFC. Plaintiff contends that the Dictionary of Occupational Titles, prescribe reasoning level 3 to both positions identified and that such requirements require more than an ability to carry out simple instructions. The

general educational development reasoning levels in the dictionary of occupational titles relate to education required of a worker for satisfactory job performance, but does not relate to a specific occupational objective. DOT App. C, § II, 1991 WL 688702.

Moreover, the ALJ relied on the vocational expert who outlined the requirements of the jobs identified which have a DOT specific vocational preparation (SVP) category of 2 which is consistent with unskilled work. Tr. 58-59; DOT App. C, § II, 1991 WL 688702. Unskilled work needs little to no judgment to do simple duties that can be learned in a short period of time. 20 C.F.R. § 404.1568(a). The vocational expert's description and the DOT's SVP are consistent with plaintiff's limitations regarding concentration as determined by the ALJ. Indeed, the vocational expert testified that his opinions were consistent with the DOT. Tr. 62. While plaintiff does point to some case law suggesting a requirement of reasoning level 3 is incompatible with simple routine work, the ALJ properly relied on the vocational expert in this instance. See Auger v. Astrue, 792 F.Supp.2d 92, 96-97 (D.Mass. 2011) (footnotes omitted):

> A split of authority exists on this issue. Both the Seventh Circuit and the Eighth Circuit have held that a job requiring level-three reasoning does not necessarily conflict with an RFC limited to simple and unskilled work. See Terry v. Astrue, 580 F.3d 471, 478 (7th Cir.2009); Hillier v. Social Security Administration, 486 F.3d 359, 367 (8th Cir.2007). Accord Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir.2007). The Fifth Circuit reached the opposite conclusion. See Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir.2005) (holding that

6 - FINDINGS & RECOMMENDATION

"level-two reasoning appears more consistent with Plaintiff's RFC," which was limited to "simple and routine work tasks").

The majority of federal district courts, including a court in this district, have followed the Seventh and Eighth Circuits. See Abel v. Astrue, No. 3:09-cv-327-TSL-FKB, 2011 WL 1099890, at *7 (S.D.Miss. Mar. 2, 2011), adopted, 2011 WL 1044155 (S.D.Miss. Mar. 22, 2011); Foley v. Astrue, No. 09-cv-10864-RGS, 2010 WL 2507773, at *9 (D.Mass. June 17, 2010); Hurtado v. Astrue, No. 09-60930, 2010 WL 1850261, at *11 (S.D.Fla. Apr. 14, 2010); Webb v. Astrue, No. 4:08-CV747-Y, 2010 WL 1644898, at *12 n. 10 (N.D.Tex. Mar. 2, 2010); Robinson v. Astrue, No. 4:08-cv-1980MLM, 2010 WL 481045, at *18 (E.D.Mo. Feb. 4, 2010); Blanchard v. Astrue, No. 09-1143-SAC, 2010 WL 2925180, at *11-12 (D.Kan. July 21, 2010); Koontz v. Astrue, No. 08-2153-LAB (WVG), 2010 WL 3339388, at *8-9 (S.D.Cal. July 26, 2010); Cottman v. Astrue, No. BPG-08-1753, 2009 WL 4884506, at *6 n. 5 (D.Md. Dec. 9, 2009). But see Grimes v. Astrue, No. 09-2208-JEM, 2011 WL 164537 (C.D.Cal. Jan. 18, 2011); Yurek v. Astrue, No. 5:08-CV-500-FL, 2009 WL 2848859, at *9 n. 10 (E.D.N.C. Sept. 2, 2009); Mead v. Barnhart, No. Civ. 04-139-JD, 2004 WL 2580744 (D.N.H. Nov. 15, 2004); Hall-Grover v. Barnhart, No. 03-239-P-C, 2004 WL 1529283 (D.Me. Apr. 30, 2004).

This court joins the great weight of authority on this issue and holds that no conflict existed between the VE's testimony that Plaintiff could work as a surveillance system monitor despite being limited to "simple and unskilled" work, and the DOT's level-three classification.

This court also finds that the ALJ did not err in relying on the vocational expert's determination that the plaintiff, limited to simple and unskilled work, is capable of performing the jobs of surveillance system monitor and call-out operator and that no conflict exists between the vocational expert and the DOT.

7 - FINDINGS & RECOMMENDATION

CONCLUSION

For the reasons stated above, the decision of the Commissioner should be affirmed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 21 day of January, 2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge

8 - FINDINGS & RECOMMENDATION